IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| LAURA TIDWELL BOOK, | * |
| Plaintiff, | * |
| vs. | * |
| STATE OF GEORGIA DEPARTMENT OF ECONOMIC DEVELOPMENT *et al.*, | * |
| Defendants. | * |

CASE NO. 4:21-CV-81 (CDL)

O R D E R

Laura Book was fired from her job at the Columbus Welcome Center after she allegedly experienced discrimination due to her race and disabilities. Book now brings claims against the Georgia Department of Economic Development (the "Department"), Mark Jaronski, Karen Hampton, and Lativia Rivers pursuant to The Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[1] Defendants filed a partial motion to dismiss Book's claims. As explained in the remainder of this Order, the Court grants in part and denies in part that motion (ECF No. 14), whittling Book's complaint down to the following claims: (1) Title

---

[1] It appears that Plaintiff's employer was actually the State of Georgia, but Defendants do not raise the issue of whether the State of Georgia should be substituted as the Defendant in place of the Department.

VII claims against the Department only and (2) ADA and FMLA claims for reinstatement against the Department and the individual Defendants in their official capacities.

## STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Book alleges the following facts in support of her complaint. For the purposes of the pending motion, the Court accepts these allegations as true.

Book, a white woman, was an employee of the Department, which is an agency of the State of Georgia, at the Columbus, Georgia Welcome Center until October 26, 2020. Am. Compl. ¶¶ 15, 49, ECF No. 7. She was initially hired as a part-time employee but was later promoted to a full-time visitor information specialist. *Id.* ¶¶ 15-16. During her employment, Jaronski was Deputy Commissioner of the Department, Hampton was the Director of Human Resources for the Department, and Rivers was the Manager of the Welcome Center. *Id.* ¶¶ 6-8. Prior to and during her employment at the Welcome Center, Book suffered from "depression, bipolar disorder and slowed rapid recall as a residual effect of a pediatric brain tumor." *Id.* ¶ 18. Defendants knew about these disabilities prior to hiring her, and Book performed her job requirements despite her disabilities. *Id.* ¶¶ 19-20.

In October 2020, Book developed a painful growth on her head in the area where she previously had a brain tumor. *Id.* ¶ 31. She also began suffering severe migraines, dizziness, and an inability to walk or stand for long periods of time. *Id.* Book requested accommodations from Defendants, such as time off to attend doctor's appointments and breaks to rest at work. *Id.* ¶ 34. On multiple occasions, however, Defendants refused Book's requests for time to see her doctor and Book's requests to leave work early due to symptoms associated with her disabilities. *Id.* ¶ 37. On October 20, 2020, Book requested to leave work early

because of her migraines, but this request was refused. *Id.* ¶ 44. Later that day, Jaronski and Hampton visited the Welcome center and told Book to resign or she would be terminated. *Id.* ¶ 45. Book received her separation notice on October 26, 2020. *Id.* ¶ 49. Defendants never told Book why she was terminated, and Book was not subject to disciplinary action immediately prior to her termination. *Id.* ¶¶ 47-48.

Book also experienced discriminatory conduct during her employment at the Welcome Center. On several occasions, Book's co-workers, who were all black, described how "colored people time" differed from "white people time" to demonstrate why black co-workers could move and work slower than Book. *Id.* ¶ 26. Rivers, who was Book's direct supervisor, referred to Book's mental disabilities as "cats in her head" in a conversation in front of Book's co-workers. *Id.* ¶ 28. Black co-workers also received less negative feedback for inferior work, were required to complete fewer tasks, and were given longer or more frequent breaks than Book. *Id.* ¶ 30. This discrimination worsened after Book filed an inquiry with the EEOC. *Id.* ¶ 23.

DISCUSSION

Defendants move to dismiss Book's Title VII claims against the individual Defendants and Book's ADA and FMLA claims against all Defendants.[2] The Court discusses each claim in turn.

I. **Title VII Claims**

Defendants argue that Book cannot bring Title VII claims against the individual Defendants. Generally, "[i]ndividual capacity suits under Title VII are . . . inappropriate" because "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Book's employer here was the Department, which is an agency of the State of Georgia. Accordingly, Book's Title VII claims against the individual Defendants are dismissed. Book's Title VII claims against the Department remain pending.

II. **ADA and FMLA Claims**

The Department claims that it is entitled to Eleventh Amendment sovereign immunity on Book's ADA and FMLA claims.[3] Book

---

[2] Defendants also moved to dismiss Book's 42 U.S.C. § 1981A claims, but Book conceded in her response brief that she did not bring any § 1981 claims.

[3] Defendants moved to dismiss Book's ADA and FMLA claims against the Jaronski, Hampton, and Rivers in their individual capacities. Because ADA employment and FMLA claims cannot be brought against public officials in their individual capacities, Defendants' motion to dismiss these claims is granted. *See Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) ("[A] public official sued in his or her individual capacity is not an 'employer' under the FMLA, and therefore there is no federal subject matter jurisdiction over such a claim"); *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) ("[T]here is no

5

responds that her claims for reinstatement fall within the *Ex parte Young* exception to sovereign immunity.[4]  It is well-established that the Eleventh Amendment "prohibits suits against state officials where the state is, in fact, the real party in interest." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999).  But *Ex parte Young* established a "long and well-recognized exception . . . for suits against state officers seeking prospective equitable relief to end continuing violations of federal law."  *Pryor*, 180 F.3d at 1336.

Under Eleventh Circuit precedent, "requests for reinstatement constitute prospective injunctive relief that fall within the scope of the *Ex parte Young* exception and, thus, are not barred by the Eleventh Amendment."  *Lane v. Cent. Ala. Cmty. College*, 772 F.3d 1349, 1351 (11th Cir. 2014) (per curiam).  Book's ADA and FMLA claims for reinstatement, therefore, are not barred by sovereign immunity.[5]  The Court finds unpersuasive Defendants'

---

individual capacity liability under Title II of the ADA."); *Albra v. Advan, Inc.*, 490 F.3d 826, 828 (11th Cir. 2007) (per curiam) (holding that individual liability under the ADA's anti-retaliation provision was precluded to the extent the "act or practice" plaintiff opposed was made unlawful by ADA employment provisions).

[4] The Court finds it unnecessary to address whether Congress abrogated sovereign immunity for these ADA and FMLA claims.

[5] Defendants argue that Book only brought ADA Title I and V claims in her amended complaint and that Book's arguments concerning ADA Title II in her response brief are an attempt to improperly amend her complaint. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Although Book did not use the

6

argument that Book's reinstatement claims arise from discrete past experiences rather than continuing violations of federal law. Although Book was terminated, she continues to experience the effects of that termination because she is being denied the benefits of a public job.  *See Lane*, 772 F.3d at 1351 (finding that a terminated employee's request for reinstatement to his position satisfied the *Ex parte Young* exception).  The Court also finds unconvincing Defendants' contention that Book's complaint must be dismissed because Book did not properly plead that Defendants have the authority to reinstate Book.  The Court cannot make this conclusion as a matter of law at this stage of the proceedings when it must accept the allegations in Book's complaint to be true.  Thus, Defendants' motion to dismiss Book's ADA and FMLA claims is denied.[6]

---

phrase "Title II of the ADA" in her complaint, the Court construes Book's complaint as bringing a claim under that portion of the ADA.

[6] Defendants moved to dismiss Book's claims for punitive damages.  That motion is granted because Title VII, the ADA, and the FMLA do not provide for punitive damages against governmental entities under these circumstances and Book's claims under these statutes against Jaronski, Hampton, and Rivers in their individual capacities have been dismissed. *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, governmental agency or political subdivision)[.]"); 29 U.S.C. § 2617(a)(1) (listing the types of damages available under the FMLA, which exclude punitive damages).  Defendants also contend that Book cannot recover monetary damages under her surviving claims.  While Book cannot recover compensatory damages, she can recover any damages that are "ancillary" to the reinstatement of her employment. *Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985).

CONCLUSION

For the foregoing reasons, Book's Title VII claims against Jaronski, Hampton, and Rivers are dismissed.  Book's Title VII claims against the Department survive.

Book's ADA and FMLA claims against the individual Defendants in their individual capacities are dismissed, and Book's ADA and FMLA claims for compensatory damages against all Defendants are dismissed.  Book's ADA and FMLA reinstatement claims against Jaronski, Hampton, and Rivers in their official capacities and against the Department survive.  Book's punitive damages claims against all Defendants are dismissed.

IT IS SO ORDERED, this 4th day of November, 2021.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA